**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4094**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE HALEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:08-cr-00410-AW-1)

Submitted: September 27, 2012          Decided: October 2, 2012

Before KING, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles N. Curlett, Jr., LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant. Emily Noel Glatfelter, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Haley appeals the 100-month sentence imposed on resentencing[1] following his guilty plea to distribution of fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). Counsel for Haley has submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but requesting that we review the validity of Haley's conviction and reasonableness of his sentence. Although advised of his right to do so, Haley has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

With regard to Haley's conviction, because Haley did not challenge the validity of his guilty plea in the district court, we review only for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). Our review of the record reveals that the district court substantially complied with the dictates of Fed. R. Crim. P. 11 and committed no error warranting correction on plain error review.

Turning, then, to Haley's sentence, we review a sentence for reasonableness, applying an abuse of discretion

---

[1] On the parties' joint motion, we vacated Haley's initial 120-month sentence and remanded the case to the district court for reconsideration of the applicability of the Fair Sentencing Act of 2010 ("FSA").

standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first consider whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. If no procedural error was made, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. A sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 347 (2007).

We readily conclude that Haley's sentence is both procedurally and substantively reasonable.[2] The sentence is procedurally reasonable inasmuch as the district court properly calculated the applicable Guidelines range and appropriately

---

[2] The district court's decision to apply the FSA retroactively is in accord with the Supreme Court's decisions in Dorsey and Hill, which issued more than four months after Haley was resentenced. See Dorsey v. United States, 132 S. Ct. 2321 (2012) (considering the retroactivity of the FSA to pipeline cases and holding that "the Fair Sentencing Act's more lenient penalties [do] apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date").

3

explained the sentence in the context of the relevant § 3553(a) factors. Further, the within-Guidelines sentence is presumptively substantively reasonable, and we divine no basis to rebut that presumption.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the amended judgment of the district court. This court requires that counsel inform Haley, in writing, of the right to petition the Supreme Court of the United States for further review. If Haley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Haley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>